UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x   Case No. 11-cv-09625(ER)(GAY)

Hermelina De La Paz, on behalf of herself
and all others similarly situated,

                      Plaintiff            ATTORNEY DECLARATON
                                                    PURSUANT TO 28 U.S.C. § 1746

      -against-

Rubin & Rothman, LLC and Keith Rothman,
Esq.,

                      Defendants

--------------------------------------------------------x

    ROBERT L. ARLEO, an attorney duly admitted to practice law in the State of New York and in the United States District Court for the Southern District of New York, hereby states as follows:

        1. I am counsel of record for the Defendants named in the above-entitled action.

        2. In submit the herein Declaration in response to the 'SUPPLEMENTAL DECLARTATION OF DANIEL A. SCHLANGER, ESQ." (Dkt. No. 54).

        3. Although purporting to have been submitted pursuant to 28 U.S.C. § 1746 Mr. Schlanger's Declaration fails to comply with the mandate of 28 U.S.C. § 1746(2). The

Declaration fails to contain the statement required therein, i.e. "I declare under penalty of perjury that the foregoing is true and correct. Executed on ……..." at the end thereof. Based upon said failure the Court should strike the Declaration, and the exhibits referenced therein, from the docket.

    4. If the Court does not strike the Declaration then it is important to note that the billing records submitted by Mr. Schlanger with his Declaration, which was filed over ten (10) days after the Defendants' filed their opposition to the Plaintiff's motion for attorneys fees and costs on May 31, 2013, reveal that Mr. Schlanger alone allegedly performed all of the work allegedly committed in regard to the Defendants' attempt to compel the Plaintiff to appear for a limited deposition. In fact, the Defendants' believe that the detailed explanation in their fees and costs opposition papers of how this case was excessively and unnecessarily grossly overstaffed by the Plaintiff greatly affected the manner via which the Plaintiff's counsel now seek to be paid for work allegedly done in regard to the Defendant's attempt to compel the Plaintiff to appear for a limited deposition. It is telling that the three (3) other attorneys, for whom Plaintiff seeks fees payment, disappeared from this lawsuit as of 4/17/2013. Although there are several references in the supplemental billing records to conferences between Mr. Schlanger and Mr. Fishman and Mr. Schlanger and "co-counsel", there are no bills submitted for time spent by any attorney other than Mr. Schlanger. Although the Defendants are pleased that their opposition papers have obviously affected the manner via which Mr. Schlanger submitted the alleged supplemental billing records, these records indicate that this straight forward FDCPA case could have easily been litigated by Mr. Schlanger alone or, at most, by two (2) attorneys.

5. Although footnote 1 on page 3 of Mr. Schlanger's declaration states that attorney James Fishman would be "…….submitting a separate supplemental declaration and time sheet.", no such declaration has been filed by Mr. Fishman.

6. The Court is referred to paragraphs 5, 6 and 7 of the Schlanger Declaration. In paragraph 5, Mr. Schlanger references to the letter dated April 19, 2013 which I submitted to Magistrate Judge Yanthis (he incorrectly states the letter is dated April 17, 2013) wherein I requested that the Plaintiff be ordered to appear for a limited deposition. In paragraph 6 Mr. Schlanger references to the April 29, 2013 Order issued by Magistrate Judge Yanthis denying therein the Defendants' request to depose the Plaintiff but otherwise ordering the Plaintiff to produce the retainer agreement entered into by the Plaintiff and Mr. Schlanger's law firm. In paragraph 7 Mr. Schlanger references to the letter dated May 17, 2013 which I submitted to Magistrate Judge Yanthis. In paragraph 7 Mr. Schlanger implicitly argues that my May 17th letter was sent in ignorance of the April 29th Order of the Court and, in an "Undeterred" manner, constituted an improper second request to depose the Plaintiff. However, a simple review of both my April 19, 2013 letter and my May 17, 2013 letter proves that many detailed different reasons for the request to depose the Plaintiff were advanced in the May 17th letter. Importantly, the basis for the request in my May 17th letter were based upon documents which I did not possess when I drafted my April 19th letter.

7. In regard to the specific entries in Mr. Schlanger's billing records. I presume the initial entry of alleged tasks on 4/17/2013 relate to the letter dated April 17, 2013 from Mr. Schlanger to District Judge Ramos. 2.40 hours seems excessive for a two and one half page letter

wherein more than a half of one page to is a cut-and-paste portion of a Declaration previously submitted by Mr. Schlanger and which otherwise contains no reference(s) to any case precedent.

      8. The over nine hours referenced in the alleged task entries 5/17/2013 to 5/20/2013 are presumed to be related to the letter dated May 20, 2013 from Mr. Schlanger to Magistrate Judge Yanthis. The letter is approximately three and one half pages in length. The alleged task descriptions include "Researching and Drafting" yet the letter contains references to only two new case citations (the other cases set forth in the May 20th letter were set forth in a April 19, 2013 letter from Mr. Schlanger to Magistrate Judge Yanthis.) Nine hours consisting of legal research resulting in the citation to two new federal cases in a three and one half page letter is clearly excessive and is demonstrative of the penchant of Plaintiff's counsels, including Mr. Schlanger, to seek payment based upon simply unbelievable assertions of work performed.

      9. In sum, the foregoing constitutes further justification for this Court to hold oral argument in regard to the pending motion for fees and costs and to thereafter grant the relief requested in Defendants' opposition to Plaintiff's motion for attorneys fees and costs.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on June 19, 2013.

                                                / s / *Robert L. Arleo*
                                                ROBERT L. ARLEO