UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

HERMELINA DE LA PAZ,
On behalf of herself and
All others similarly situated,

                      Plaintiff,

      -against-

RUBIN & ROTHMAN, LLC and
KEITH ROTHMAN,

                 Defendants.

————————————————————————x

**<u>OPINION AND ORDER</u>**

11 Civ. 9625 (ER)

<u>RAMOS, D.J.</u>:

       This putative collective action, brought under the Fair Debt Collection Practices Act ("FDCPA") and New York Judiciary Law § 487, was referred to the Honorable George A. Yanthis, United States Magistrate Judge, with respect to Plaintiff's motion for attorneys' fees and costs.  Docs. 36, 70.  On September 20, 2013, Judge Yanthis issued his Report and Recommendation (the "Report"), which recommends that the Court:  (1) award attorneys' fees and costs against Defendants in the amount of $86,701.21, representing a thirty percent (30%) across-the-board cut of the fees requested by Plaintiff's counsels for work already performed; and (2) deny Plaintiff's request for prospective attorneys' fees.  Doc. 71.

       Before the Court are Plaintiff and Defendants' timely filed objections to the Report and respective responses thereto.  Docs. 74 ("Pl.'s Objections"), 76 ("Defs.' Objections"), 80-82. For the reasons set forth below, the Court ADOPTS Judge Yanthis's Report in its entirety. Defendants' renewed requests for discovery and to convene hearings with respect to the fee petition are DENIED.  Plaintiff's request for leave to file a supplemental fee petition is DENIED. Familiarity with the prior proceedings, the Report, and the issues presented therein is presumed.

I.   **Background**

On December 28, 2011, Hermelina De La Paz ("Plaintiff") initiated this putative class action, alleging that Rubin & Rothman, LLC and Keith Rothman (collectively, "Defendants") violated the FDCPA and New York Judiciary Law § 487 by making certain deceptive statements in consumer collection actions in New York state courts.  Compl., Doc. 1.  Specifically, Plaintiff brings the instant action for the purported benefit of persons who have been sued in consumer collection cases commenced in New York State court in which Defendant Rubin & Rothman, LLC represented Capital One Auto Finance, LLC ("Capital One"), and either filed:  (1) a state court complaint falsely representing that Capital One "is not required to be licensed by the NYC Department of Consumer Affairs because it is a passive debt buyer original creditor," and/or (2) an "Affidavit of Merit" falsely representing that "[t]his action is based upon a motor vehicle retail sales agreement or lease entered into between defendant(s) and plaintiff."  *See* Notice of Class Action and Proposed Settlement at 2, Doc. 35-4, Ex. C; Compl. ¶¶ 26, 30.

The FDCPA mandates the award of "the costs of the action, together with a reasonable attorney's fee as determined by the court" to successful litigants.  15 U.S.C. § 1692k(a)(3).  On April 15, 2013, the parties entered a proposed class action settlement agreement (the "Settlement Agreement") that referred the issue of attorneys' fees to the Court.  Doc. 35.  On the same date, Plaintiff filed her motion for attorneys' fees and costs pursuant to the FDCPA and the Settlement Agreement.[1]  Doc. 36.  While Defendants agree that they are bound by the terms of the proposed Settlement Agreement, they vigorously dispute whether it is reasonable for Plaintiff's

---

[1] To correct certain inconsistencies identified by the Court in the documents filed in support of the Settlement Agreement, Doc. 64, on July 10, 2013, Plaintiff filed an amended proposed Settlement Agreement (the "Amended Settlement Agreement"), Doc. 68, which, like the Settlement Agreement, specifies that Defendants will "pay reasonable attorney's fees to Plaintiff's counsel in an amount to be determined by the Court."  *See* Amended Notice of Class Action and Proposed Settlement at 4, Doc. 68-1, Ex. 1.

attorneys to receive any fees.  *See* Schlanger Decl. In Further Support of Attorneys' Fees and Costs, Ex. H (5/31/2013 H'rg Tr. 11:1 – 13:7), Doc. 60-2; *see generally* Defs.' Objections.

In their submissions to Judge Yanthis, Plaintiff requested $122,971.00 in attorneys' fees for 291.6 hours of non-prospective work.  Pl.'s Objections at 1-2.  However, Judge Yanthis recommended a uniform reduction of attorneys' fees by 30%[2] based upon numerous vague entries identified in Plaintiff's counsels' billing records and the excessive number of hours billed by Plaintiff's attorneys given the nature of this action.  Report at 9-11.  Thus, the Report recommends an award of $86,701.21 to Plaintiff, representing attorneys' fees to Schlanger & Schlanger, LLP in the amount of $70,364.40; attorneys' fees to Fishman & Mallon, LLP in the amount of $15,270.20; and costs in the amount of $1,066.61.  *Id.* at 15.  Judge Yanthis deemed Plaintiff's attorneys' billing rates to have been reasonable, and found that the presence of multiple lawyers on Plaintiff's behalf did not evince needless overstaffing or duplication of efforts.[3]  *Id.* at 6-8, 11-12.  Judge Yanthis also recommended that this Court deny Plaintiff's request for 30 hours of prospective legal fees because Plaintiff's attorneys provided neither contemporaneous time records for such work nor cited any legal authority that would permit the Court to award future fees based on Plaintiff's conjecture.  *Id.* at 13.

---

[2] Judge Yanthis also reduced the requested amount of travel fees by fifty percent (50%), as is customary when an attorney fails to "demonstrate that he spent his travel time in a particularly productive manner."  *See* Report at 12, n.1 (citing *Sowermimo v. D.O.A.R. Sec. Inc.*, No. 97 Civ. 1083, 2000 WL 890229, at *6 (S.D.N.Y. Jun. 30, 2000); *Bridges v. Eastman Kodak Co.*, No. 91 Civ. 7985 (RLC), 1996 WL 47304, at *8 (S.D.N.Y. Feb. 6, 1996)).

[3] Daniel A. Schlanger, Esq., of Schlanger & Schlanger, LLP and James B. Fishman, Esq, of Fishman & Mallon, LLP, lead Plaintiff's legal team, which also includes Elizabeth A. Shollenberger, Esq., Peter T. Lane, Esq. and Gerrald Ellis, Esq. of Schlanger & Schlanger, LLP, and Jennifer M. Addonizio, Esq., of Fishman & Mallon, LLP. Plaintiff's attorneys seek compensation at hourly rates ranging from $180 (attorney Ellis) to $550 (attorney Fishman).  Plaintiff also seeks compensation for paralegal work at an hourly rate of $100.  Report at 6, 8. Neither side disputes the Report's award of costs or the reasonableness of the rates for Plaintiff's attorneys' work; their battle centers on the amount of hours worked.

## II.   <u>Standard of Review</u>

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made.  28 U.S.C. § 636(b)(1)(C); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010).  The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record.  28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition."  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also* 28 U.S.C. § 636(b)(1)(A).  "[A] district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate."  *Id.*  "Rather, it must be an earnest protest that the magistrate judge's report contains a fundamental error of fact or reasoning requiring a fresh look at the issue."  *Weiwei Gao v. Sidhu*, No. 11 Civ. 2711 (WHP) (JCF), 2013 WL 2896995, at *1 (S.D.N.Y. Jun. 13, 2013) (quoting *Strujan v. Teachers Coll. Columbia Univ.*, No. 08 Civ. 9589 (WHP) (HBP), 2010 WL 3466251, at *2 (S.D.N.Y. Sept. 3, 2010)).

### III.   <u>Legal Standard for Award of Attorneys' Fees</u>

The FDCPA mandates the award of "the costs of the action, together with a reasonable attorney's fee as determined by the court" to a prevailing plaintiff, independent of whether or not she is not entitled to an award of actual or statutory damages.  15 U.S.C. § 1692k(a)(3); *see also, e.g.*, *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).  A "reasonable fee" is based on a "reasonable hourly rate," defined as "the rate a paying client would be willing to pay."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007).  In calculating attorneys' fees, "[t]he court 'should ... bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.'"  *Reith v. Allied Interstate, LLC*, No. 12 Civ. 4278 (PKC), 2012 WL 5458007, at *1 (S.D.N.Y. Nov. 8, 2012) (quoting *Arbor Hill*, 522 F.3d at 190).  "In determining what fee is reasonable, the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'"  *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  A Court may uniformly discount a fee award when, for example, attorneys seek compensation for less-skilled work or furnish time entries that lack "sufficient specificity for the Court to assess the reasonableness of the amount charged in relation to the work performed."  *Mautner v. Hirsch*, 831 F. Supp. 1058, 1077-78 (S.D.N.Y. 1993), *aff'd in relevant part*, 32 F.3d 37 (2d Cir. 1994); *Solomon v. Allied Interstate, LLC*, No. 12 Civ. 7940 (CM), 2013 WL 5629640, at *2 (S.D.N.Y. Oct. 7, 2013) (more than halving fee award); *Ryan v. Allied Interstate, Inc.*, 882 F. Supp. 2d 628, 636-37 (S.D.N.Y. 2012) (collecting cases); *Leyse v. Corporate Collection Servs., Inc.*, 545 F. Supp. 2d 334, 337, *report and rec. adopted*, 557 F. Supp. 2d 442 (S.D.N.Y. 2008) (uniformly reducing fee award by fifteen percent due to vague billing descriptors, such as "background research" without further explanation).

5

A district court has broad discretion in setting fee awards.  *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987).  "In reviewing the submitted timesheets for reasonableness, the Court relies on its own familiarity with the case, as well as on its experience with the parties' evidentiary submissions and arguments."  *Ruiz v. Maidenbaum & Assocs. P.L.L.C.*, No. 12 Civ. 5044 (RJS), 2013 WL 3957742, at *4 (S.D.N.Y. Aug. 1, 2013) (citation omitted).  "A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed, preferably through contemporaneous time records that describe with specificity the nature of the work done, the hours expended, and the dates."  *Pita v. Tulcingo Car Serv., Inc.*, No. 10 Civ. 0481 (DLI) (JO), 2011 WL 1790833, at * 9 (E.D.N.Y. Apr. 7, 2011) (citing *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983)).

## IV.   Plaintiff's Objections

### a.   Objections to the Across-the-Board Reduction of Fees by 30%

Plaintiff argues that this Court should reject Judge Yanthis's recommendation to uniformly reduce the requested attorney fees by 30% because:  (1) counsels' time records are not excessive in light of Plaintiff's success and Defendants' "overly aggressive, ever-shifting litigation tactics, which required Plaintiff to respond to a plethora of unnecessary and meritless motions;" and (2) the Report only identified a *de minimus* quantity of vague entries by Plaintiff's counsels, the "vast majority" of which were for time increments of less than 0.2 hours, and when read in context, were less nebulous.  Pl.'s Objections at 2-3.  Plaintiff claims that, because the Report only specifically categorizes as vague approximately seven hours of attorney work, a uniform 30% reduction "bears no reasonable relation" to the small prevalence of ambiguous billing entries.  *Id.* at 16, 17, n.9.  Plaintiff further argues that courts should only reduce

6

attorneys' fees by a flat percentage where a litigant submits a large volume of records or the time

entries at issue are replete with block billing practices.  *Id.* at 15.

This Court agrees with Judge Yanthis's well-reasoned recommendation to cut the fee

award by 30% across-the-board due to deficiencies found in counsels' billing entries.  The Court

has reviewed the records submitted by Plaintiff to Judge Yanthis, which span from November

14, 2011 to June 20, 2013, and include billing entries from Schlanger & Schlanger, LLP as well

as Fishman & Mallon, LLP, for a total of six attorneys and two support staff.  *See* Schlanger

Decl. In Support of Pl.'s Objections, Doc. 75, Ex. 2; Report at 14.   The Court has also reviewed,

*in camera*, Plaintiff's submission of three unredacted time entries previously highlighted as

vague by the Report.  Schlanger Decl. In Support of Pl.'s Objections, Doc. 75, Ex. 3.  While

these three unredacted entries identify case names and individuals, and indeed supply additional

context for the 2.9 hours of work that collectively, they describe, the Court finds that, overall,

Plaintiff's counsels' records contain significant incidences of terse, nonspecific and otherwise

improper billing entries sufficient to warrant a uniform reduction in fees by 30%.[4]  Contrary to

---

[4] Billing entries evincing ambiguity, redundancy, and/or non-attorney work billed at the higher end of attorney rates include, but are not limited to, the following examples:

- An entry for "[r]eview file," for 1.00 hours, by attorney J. Fishman on 3/14/2012 (rate:  $550/hour);
- Entries for "legal research" with no other descriptors, totaling 3.6 hours, by attorney E. Shollenberger on 12/26/2012 and 12/27/2012 (rate:  $400/hour);
- An entry stating "[e]dit and e-file notice of appearance," for 0.3 hours, by attorney J. Addonizio on 5/15/2012 (rate:  $330/hour);
- An entry stating "review and calendar court order," (presumably, a reference to the Court's endorsement of Mr. Schlanger's letter requesting to reschedule the initial conference, *see* Doc. 8) for 0.1 hours, by attorney D. Schlanger on 4/6/2012 (rate:  $340/hour);
- An entry stating "review correspondence, review and calendar ECF order," (presumably, a reference to the Rescheduling Notice, Doc. 9) for 0.2 hours, by attorney D. Schlanger on 5/15/2012 (rate:  $340/hour);
- An entry stating "review ECF minute entry and calendar deadline," for 0.1 hours, by attorney D. Schlanger on 10/5/2012 (rate:  $340/hour);
- An entry stating "finalizing and minor 'nits' re [sic] all documents.  [F]ile via ECF," for 1.2 hours, by attorney D. Schlanger on 1/14/2013 (rate:  $350/hour);
- Two entries on 4/10/2013:  one for a teleconference with J. Fishman's associate to obtain his time records, for 0.2 hours, by attorney E. Shollenberger (rate:  $400/hour) and one for a phone call with Schlanger &

Plaintiff's argument that her counsels' small increments of billing entries cannot be used to

justify a fee reduction by 30%, it is well-settled that a court may use a percentage reduction "'as

a practical means of trimming fat from a fee application,'" *McDonald ex rel. Prendergast v.*

*Pension Plan of the NYSA–ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (citation and

quotation marks omitted), and need not "set forth item-by-item findings" concerning every single

ambiguous or problematic billing entry.  *See Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir.

1994).  Uniform percentage cutbacks are also warranted where, as here, attorneys seek to recover

for time spent completing administrative tasks or work that should have been performed by

lower-billing attorneys.  *E.S. v. Katonah–Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 431–32

(S.D.N.Y. 2011), *aff'd*, 487 Fed. Appx. 619, 2012 WL 2615366 (2d Cir. 2012); *Tucker v. City of*

*New York*, 704 F. Supp. 2d 347, 355-57 (S.D.N.Y. 2010).  An across-the-board reduction is also

appropriate where the records demonstrate excessive communication with co-counsel.  *See, e.g.*,

*Solomon*, 2013 WL 5629640, at *1-*2 ("excessive internal emails" provide grounds to reduce

attorneys' fees); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (characterizing

a 15% across-the-board reduction in attorney's fees as likely understated with regard to entries

---

Schlanger, LLP and "assembl[y] [of] time sheets for fee motion," for 0.4 hours, by attorney J. Addonizio (rate:  $330/hour);

- Entries for "re [sic] settlement after review of aspects of file;" "re [sic] his lack of follow through on settlement;" and "re [sic] Corpac impact on settlement," without further descriptors, by attorney D. Schlanger on 2/19/2013 and 2/26/2013 (rate:  $350/hour);
- An entry for "confer with clerk re:  filing of protective order and filed same with cover note," for 0.3 hours, by attorney D. Schlanger (rate:  $350/hour);
- An entry for "call clerk re [sic] waivers of service of summons; ECF same; send copy of same to clerk with cover letter after draft of same," for 1.2 hours, by attorney G. Ellis on 1/20/2012 (rate:  $180/hour);
- Repeated entries for "email to James Fishman" (or co-counsel), many of which lack descriptive language, by attorney D. Schlanger on, *e.g.*, 3/23/2012; 4/20/2012; 6/8/2012; 7/10/2012; 8/27/2012; 9/21/2012; 9/22/2012; 9/24/2012; 10/11/2012; 11/2/2012; 1/9/2013; and 3/22/2013 (rate:  $340-350/hour); and
- Multiple entries for "telephone conference with co-counsel" or other communications with co-counsel by attorney J. Fishman on, *e.g.*, 8/24/2012; 9/25/2012; 2/8/2013; 2/15/2013; and 4/17/2013 (rate:  $550/hour).

*See* Schlanger Decl. In Support of Pl.'s Objections, Ex. 2 (Schlanger & Schlanger, LLP and Fishman & Mallon, LLP billing records); Report at 6, 14.

for conferences among plaintiff's counsel).  Based on the frequency of imprecise and improper entries in counsels' billing records, the Court thus agrees with Judge Yanthis's recommendation to uniformly reduce Plaintiff's attorneys' fees by 30%.

Plaintiff's assertion that across-the-board cuts can *only* be imposed where a litigant has submitted voluminous billing entries lacks merit.  In support of her argument, Plaintiff cites *In re Agent Orange*, 818 F.2d at 237-38, a case involving more than one hundred attorneys' fee petitions filed nationwide, and in which the Second Circuit held that the district court did not abuse its discretion by trimming fees through a uniform percentage reduction.  This Court does not read the holding of *In re Agent Orange* to always require a showing of similarly voluminous billing records in order to justify a percentage reduction in a fee award, particularly in light of the Second Circuit's recognitions that "there are no hard-and-fast rules" governing calculation of fee awards, that "[a]mple authority supports reduction in the lodestar figure for … forms of duplicative or inefficient work," and that "[t]he district judge is in the best position to weigh the respective input of counsel."  *Id.* at 237 (citations and internal quotation marks omitted) (cited in Pl.'s Objections at 16); *Bliven*, 579 F.3d at 213-14 ("We reemphasize that the district court has discretion in determining the amount of a fee award.  This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters."  (quoting *Hensley*, 461 U.S. at 437)).  Indeed, district courts have applied uniform reductions in cases involving fewer hours than the quantity at issue here.  *See Leyse*, 545 F. Supp. 2d at 337-38 (uniformly reducing fees by 40% in FDCPA action where attorney sought compensation for itemized timesheets totaling less than 120 hours).

Plaintiff also argues that this Court should reject Judge Yanthis's conclusion to discount attorneys' fees based on "the nature of this case" because the Report does not specifically define

"the nature of the case."  Pl.'s Objections at 22 (citing Report at 10).  Plaintiff characterizes the instant litigation as one featuring complex issues and involving "overzealous and even vexatious conduct" by Defendants' counsel, compelling a high volume of legal work.  *Id.* at 1-2; Pl.'s Opp. to Defs.' Objections at 15, Doc. 80.  Plaintiff further defends the amount of attorney hours expended opposing Defendants' Rule 12(c) motion for judgment on the pleadings, Doc. 26, by noting that their efforts inspired Defendants to withdraw the motion and instead pursue settlement.  Pl.'s Objections at 23; Defs.' Notice of Withdrawal of Motion, Doc. 29.

Plaintiff's protestations fail to provide a basis for the Court to augment the fee award recommended by the Report.  "In assessing the extent of staffing and background research appropriate for a given case, a district court must be accorded ample discretion," and its determinations "will be overturned on appeal only when it is apparent that the size of the award is out of line with the degree of effort reasonably needed to prevail in the litigation."  *New York State Ass'n for Retarded Children*, 711 F.2d at 1146.  Fundamentally, this case is a putative FDCPA class action involving two discrete categories of false statements and a relatively small class size.  Prior to the formal close of discovery, the parties submitted the proposed Settlement Agreement, the drafting of which did not, to the Court's knowledge, entail extensive research concerning novel issues of law.[5]  Mem. In Support of Prelim. Approval of Class Settlement at 21, Doc. 35-1.  The Court also notes that the initial proposed Settlement Agreement filed by Plaintiff contained internal inconsistencies that necessitated amendment, and therefore a fee reduction is warranted to the extent that Plaintiff's attorneys have submitted bills for remedial

---

[5] Although the proposed Settlement Agreement characterizes the issue of recovery based upon Defendant Keith Rothman's alleged personal liability under the FDCPA as unprecedented (Mem. In Support of Prelim. Approval of Class Settlement at 22, Doc. 35-1; Defs.' Response to Pl.'s Objections at 7, Doc. 82), the billing records reflect that Plaintiff's attorneys only spent approximately 3.8 hours, out of a total of 291.6 hours requested for non-prospective work, researching this issue.  *See* Schlanger Decl. In Support of Pl.'s Objections, Ex. 2; Pl.'s Objections at 2.

work.  *See* Schlanger Decl. In Further Support of Attorneys' Fees and Costs, Ex. H (5/31/2013

H'rg Tr. 13:20 – 16:22); Doc. 68 (Amended Settlement Agreement); *Hensley*, 461 U.S. at 434

(courts may deduct "excessive, redundant, or otherwise unnecessary" hours from the fee award).

Notwithstanding Defendants' prolific letter motion submissions, discussed *infra*, the Court finds

that the "nature of the case" supports the Report's conclusion to markdown Plaintiff's attorneys'

fees.  *See also Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 414-15 (S.D.N.Y. 2003) (multiple

experienced attorneys need not be utilized to draft a straightforward FDCPA complaint);

*Solomon*, 2013 WL 5629640, at *2 (routine FDCPA work may be quickly handled by a single

junior associate).

Ultimately, Judge Yanthis's award of a total of $85,634.60 in attorneys' fees amounts to

approximately 232.46 hours of work[6] compensated at an average rate of approximately $368.38

per hour.  Although not contested by Defendants, attorney Fishman's hourly rate of $550 and

attorney Shollenberger's hourly rate of $400 are at the high end of rates awarded for FDCPA

work in this district and our sister districts, even for experienced counsel.  After applying a 30%

across-the-board fee reduction, the ultimate average rate for the fee award becomes more

consistent with the prevailing rates in the district for FDCPA class action work.[7]  *Simmons v.*

---

[6] This figure includes paralegal work.  Report at 14.  A discrepancy appears to exist between the total number of
hours in the Report's award and the figure cited by Plaintiff: 291.6 non-prospective hours.  Pl.'s Objections at 2.
Even using the figure of 291.6, $85,634.50/291.6 amounts to an average hourly compensation rate of $293.67 (still
well within the range of rates deemed reasonable for comparable FDCPA work in this district).  *See* note 7, *infra*.

[7] *See, e.g.*, *Ruiz*, 2013 WL 3957742, at *3 (deeming reasonable an hourly rate of compensation of $300 and
observing, in an FDCPA case involving an award of attorneys' fees to Fishman & Mallon, LLP, that "[i]n this
District, courts have found attorneys' fees ranging from $225 to $375 reasonable for civil litigators working in small
firms." (internal citations and quotations omitted)); *Ryan*, 882 F. Supp. 2d at 630 (awarding plaintiff's counsel, a
firm partner with over two decades of legal experience, an hourly rate of $300 in an FDCPA case); *Solomon*, 2013
WL 5629640, at *2 (reducing award of attorneys' fees in FDCPA action to an hourly rate of $125 because "no
reasonable client would pay nearly $4,000 to collect only $1,000"); *Muise v. Allied Interstate, Inc.*, No. 12 Civ. 1317
(TPG), 2012 WL 4044699, at *1 (S.D.N.Y. Sept. 12, 2012) (in FDCPA case that settled prior to the opening of
discovery, hourly attorney rates ranging from $100 to $200 deemed "more than adequate to ensure that firms … will
continue to bring meritorious FDCPA cases"); *Leyse*, 545 F. Supp. 2d at 336-37 (deeming reasonable an hourly rate

*N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (the "forum rule" requires courts in the Second Circuit to "use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee."). The Court therefore overrules Plaintiff's Objections to the award recommended by the Report.

### b.  Plaintiff's Request to Supplement the Fee Petition

In light of Judge Yanthis's recommendation to exclude from the award the 30 hours of prospective fees requested by Plaintiff, she now requests that the Court permit her to supplement the fee petition with regard to time spent by her attorneys on the Reply (Docs. 59-61), preparation for the Fairness Hearing, and responses to Defendants' various letters and motions subsequent to the issuance of the Report.  Pl.'s Objections at 24-25.  Plaintiff further requests that she be able to supplement the fee petition after the completion of the Fairness Hearing and prior to entry of the final judgment.

Plaintiff's counsel has previously noted that "*[i]t is time for this case to come to an end*," (5/20/2013 Letter at 4, Doc. 50 (emphasis in original)), and that an application for fees should not result in a "second major litigation."  *See* Schlanger Decl. In Further Support of Motion For Attorneys' Fees and Costs, Ex. M (4/19/2013 Letter at 2), Doc. 60-3.  The Court agrees.

Plaintiff elected to bring a motion for fees and costs in April of 2013, simultaneously with the initial proposed Settlement Agreement, but has acknowledged that a determination of reasonable attorneys' fees by the Court must precede approval of the proposed Settlement Agreement, class notice, and related documents.  Granting Plaintiff the ability to further

---

of $225 in FDCPA class action where attorney had a decade of practice and experience in similar consumer protection lawsuits); *Kapoor*, 269 F. Supp. 2d at 415 (capping hourly fee rate at $225 in FDCPA action involving counsel with extensive consumer fraud experience); *cf. Rodriguez v. Pressler & Pressler, L.L.P.*, No. 06 Civ. 5103 (BMC) (JO), 2009 WL 689056, at *1 (E.D.N.Y. Mar. 16, 2009) (approving hourly rates of $450 and $300 for FDCPA attorneys); *Richardson v. Professional Recovery Systems, LLC*, No. 07 Civ. 3666 (BMC) (E.D.N.Y. Nov. 26, 2007) (approving hourly rate of $300 for attorney working on unopposed fee application in FDCPA case).

supplement her fee petition would thus prolong finalization of the preliminary class notice

because, as stated by Mr. Schlanger:

> [T]he preliminary order and the notice that the parties … negotiated and submitted for Court approval said the Court has approved the attorneys' fees in the amount of blank and costs in the amount of blank.  And we need to be able to fill in the blanks in order to finalize the preliminary order and the notice.

Schlanger Decl. In Further Support of Attorneys' Fees and Costs, Ex. H (5/31/2013 H'rg Tr. 8:9

– 9:14).  Moreover, although Plaintiff's attorneys would like an assurance that they may seek

compensation for additional hours expended between now and the entry of a final judgment—

and in response to Defendants' "vexatious" missives—their own billing records reflect time

spent contemplating a different strategic decision, proposed months ago by Defendants:  waiting

to file a fee petition until the case concludes.  *See* Schlanger Decl. In Support of Pl.'s Objections,

Ex. 2 (entry by D. Schlanger on 3/20/2013, for 0.2 hours:  "re [sic] opposing counsel proposal to

do fee app [sic] at the very end.").

Furthermore, based on Plaintiff's representations, the issue will not be ripe for decision

until after the Fairness Hearing, which has neither occurred nor been scheduled.  Judge Yanthis

has already afforded Plaintiff multiple opportunities to supplement her fee petition (Docs. 50,

63), and she seeks permission to buttress it yet again, at a future juncture, for work including that

which has yet to be performed by her attorneys.  While "[i]t is well-settled law in this Circuit that

reasonable time spent on an attorney's fee application is compensable," *Soler v. G & U, Inc.*, 801

F. Supp. 1056, 1064 (S.D.N.Y. 1992) (citations omitted)), to be reasonable, a fee petition must

be supported by contemporaneous time records.  Report at 12-13; *Pita*, 2011 WL 1790833, at *9

(a lack of contemporaneous records "precludes any fee award in all but the most extraordinary of

circumstances." (citing *Scott v. City of New York*, 626 F.3d 130, 133–34 (2d Cir. 2010)).

Accordingly, the Court DENIES Plaintiff's application to submit a supplemental motion.

**V.    Defendants' Objections**

Defendants claim that the Report grants Plaintiff's attorneys a "grossly excessive" fee award, and explicitly restate the arguments presented to and considered by Magistrate Judge Yanthis.  Specifically, Defendants assert that Judge Yanthis ignored the law and their arguments expressing that:  (1) fees not properly billed to a client cannot be billed to an adversary; (2) the law disfavors awarding a "windfall" of attorneys' fees; (3) Plaintiff's attorneys overstaffed the case; and (4) "Plaintiff's counsels['] greed and legally unjustifiable breach of the initial Settlement Agreement" warrant reduction or elimination of any fee award.  *Compare* Defs.' Objections *and* Defs.' Mem. Law Opp. Pl.'s Mot. Attorneys' Fees and Costs, Doc. 53. Defendants further argue that this Court should abandon the well-established standard set forth in *Ortiz v. Barkley*, 558 F. Supp. 2d at 451, and instead review the Report's findings *de novo*, because the inability to reargue undermines the objector's ability to prove that the magistrate judge erred.  This Court is not so persuaded, particularly in light of Defendants' failure to cite any authority embracing such a novel approach.

The law and the record support Judge Yanthis's determinations in all material respects. Judge Yanthis employed the widely accepted "lodestar" method, which entails multiplying "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate," *Hensley*, 461 U.S. at 433, to evaluate Plaintiff's request for attorneys' fees, and also appropriately considered case-specific factors.  Report at 1-3 (citing *Arbor Hill*, 522 F.3d at 186-90 (endorsing use of case-specific factors discussed in *Johnson v. Georgia H'wy Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), in attorney fee award calculations)).  The Report also explicitly cites and applies the legal standard set forth in *Cesario v. BNI Constr., Inc.*, 2008 WL 5210209, at *7

14

(S.D.N.Y. Dec. 15, 2008), which Defendants claim that Judge Yanthis ignored.  Defs.'
Objections at 9-10; Report at 9.  The Court finds that—particularly in light of the Report's 30%
across-the-board reduction in fees—Judge Yanthis has not, as Defendants argue, awarded
Plaintiff's attorneys a windfall.  *See, e.g.*, *Rodriguez*, 2009 WL 689056, at *1 – *2 (approving an
award of $70,459.04, including $61,395.00 in attorneys' fees for 189.65 hours of compensable
work, in an FDCPA action); *Leyse*, 557 F. Supp. 2d 442, at 444 (approving an award of $12,735
in attorneys' fees for 56.6 hours of work on an unsuccessful FDCPA class certification motion).

This Court also agrees with the Report's conclusion that there is no basis to deny
Plaintiff's attorneys' fees entirely; reasonable attorneys' fees here clearly include an award of
some compensation for the work performed.  In particular, Defendants' contention that Plaintiff
is exclusively to blame for the volume of fees in the petition is thoroughly untenable.  On April
18, 2013, the Court referred the case to Magistrate Judge Yanthis for general pretrial purposes.
Doc. 42.  Commencing on April 17, 2013, Defendants' counsel submitted a barrage of letter
motions seeking comprehensive discovery related to the fee petition—including depositions of
Plaintiff, examination of counsels' phone records and electronically stored information (ESI),
and hearings before the Court—all of which Judge Yanthis denied.[8]  After Judge Yanthis issued

---

[8] Defendants submitted more than seven letter motions to the Court while Plaintiff's fee petition was *sub judice*:

- On April 17, 2013, April 18, 2013, April 19, 2013, and April 20, 2013, Defendants wrote letters to the
  Court asserting "an absolute right to depose the Plaintiff in regard to her motion for fees and costs,"
  requesting to set a date for argument regarding the possibility of deposing Plaintiff, and seeking production
  of retainer agreement(s) between Plaintiff and her attorneys.  *See* Schlanger Decl. In Further Support of
  Motion For Attorneys' Fees and Costs, Exs. I, K, L, and N.
- On April 29, 2013, Judge Yanthis denied Defendants' requests to depose Plaintiff in connection with the
  motion for attorneys' fees and costs but ordered production of any retainer agreement(s).  Doc. 43.
- On May 17, 2013, Defendants wrote a letter to the Court arguing that a videotaped deposition of Plaintiff is
  imperative to Defendants' opposition to Plaintiff's motion for fees and costs, and that Plaintiff must be
  compelled to answer questions regarding matters including her counsels' billing records and the subject of
  her conversations with counsel.  *See* Schlanger Decl. In Further Support of Motion For Attorneys' Fees and
  Costs, Ex. O.

the Report on September 20, 2013, Defendants renewed their efforts to seek the Court's

intervention.  On October 1, 2013, Defendants' counsel again requested leave to obtain

additional evidence regarding fees and costs and implored the Court convene a hearing at which

Plaintiff's counsels would be "compelled to answer questions regarding their legal services

allegedly rendered."  Doc. 73.  Defendants' counsel also requested that the Court conduct a

hearing to evaluate the adequacy of Plaintiff's attorneys to serve as class counsels, in light of a

review of attorney Fishman posted on www.yelp.com by a purported former client, "Lisa Y."  *Id.*

The Court denied Defendants' requests.  Doc. 79.

 In addition to bombarding the Court with letter motions, Defendants' counsel has

presented contradictory portrayals of the instant litigation.  In opposing Plaintiff's motion for

attorneys' fees and costs, Defendants' counsel, Mr. Arleo, adamantly asserted that Plaintiff's

counsels, who possess "professional credentials reaching the moon," should not have needed

over three hundred hours "to litigate a basically straight forward [sic] FDCPA class action

---

- On May 20, 2013, Plaintiff requested leave to supplement the fee petition with documentation of hours expended responding to Defendants' letters.  Defendants wrote a letter to the Court seeking leave to respond to Plaintiff's letter.  *See* Schlanger Decl. In Further Support of Motion For Attorneys' Fees and Costs, Exs. P, Q.
- On May 31, 2013, Judge Yanthis granted Plaintiff's request for leave to supplement the fee petition, denied Defendants' request to submit a one page reply to Plaintiff's May 20, 2013 letter, and denied Defendants' second request to compel Plaintiff to appear at a videotaped deposition to answer questions regarding the fee petition.  Docs. 50, 51, 52.
- On June 10, 2013, Defendants' counsel sought leave from the Court to file a five page supplemental memorandum of law concerning a motion for fees and costs filed in an unrelated proceeding (*Tito v. Rubin & Rothman*, No. 12 Civ. 3464 (E.D.N.Y.)), which also involves Schlanger & Schlanger, LLP.  *See* Schlanger Decl. In Further Support of Motion For Attorneys' Fees and Costs, Ex. R.
- On June 14, 2013, Judge Yanthis rejected Defendants' request to supplement their opposition papers with five pages of arguments concerning the motion in the *Tito* case.  Doc. 55.
- On June 24, 2013, Judge Yanthis denied Defendants' request to strike an affirmation filed by Plaintiff's attorney Daniel Schlanger in support of Plaintiff's reply memorandum and ruled that "[n]o further submissions will be accepted except for those set forth on the endorsed order to Plaintiff's [June 21, 2013] letter," Doc. 62, which granted Plaintiff leave to file any unsubmitted time in connection with Defendants' letter motions, as well as any other subsequent litigation activity initiated by Defendants within thirty days, and permitted Defendants to file a five-page response thereto.  Doc. 63.
- On August 8, 2013, Judge Yanthis ruled that a letter submitted by Defendants on August 7, 2013 would be disregarded.  Doc. 69.

lawsuit with limited activity." *See* Schlanger Decl. In Further Support of Attorneys' Fees and Costs, Ex. N (4/20/2013 Letter at 2). At a hearing before the Court on May 31, 2013, however, Mr. Arleo characterized the litigation as "very difficult," stating that "[i]t's not just a straightforward class action." *See id.* at Ex. H (5/31/2013 Hr'g Tr. 11:13 – 12:9). Indeed, Defendants explicitly represented to the Court that they would "zealously oppose[]" Plaintiff's motion for fees and costs. *See id.* at Ex. I (4/17/2013 Letter). Defendants "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by [Plaintiff] in response." *City of Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (1986) (citation omitted); *see also Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005) ("the hours required to litigate even a simple matter can expand enormously" when an attorney is forced to react to frivolous conduct by an adversary). In short, Defendants' conduct undeniably contributed to the very award that they now bemoan.

For the reasons set forth above, the Court thus ADOPTS the Report's recommendation to award Plaintiff's attorneys $86,701.21 in fees and costs.

## VI.   Defendants' Requests for Additional Evidence And/Or Hearings Are Denied.

Defendants again implore the Court to conduct hearings and consider new evidence related to fees in addition to that submitted to and considered by Judge Yanthis.[9] To bolster their request, Defendants have offered a letter addressed to Mr. Arleo from William G. Ross, a law professor at Samford University's Cumberland School of Law in Birmingham, Alabama and purported expert in billing practices.[10] Through Professor Ross, Defendants seek discovery from

---

[9] Both this Court and Magistrate Judge Yanthis have already considered and denied several requests made by Defendants' counsel for additional discovery pertaining to Plaintiff's fee petition. Doc. 79; *see also* note 8, *supra*.

[10] On October 15, 2013, Defendants filed a substitute expert opinion letter signed by Professor Ross, as the letter initially submitted by Defendants lacked an original signature. Doc. 77.

Plaintiff regarding allegedly inflated bills because "[P]laintiff's attorneys were highly experienced and sophisticated practitioners who presumably could perform the work in a highly expeditious and time-efficient manner." Ross Letter, Doc. 76-1, at 2.

It is true, as Defendants note, that, upon receipt of a report and recommendation, "[t]he judge *may* also receive further evidence or recommit the matter to the magistrate judge with instructions." *Azkour v. Little Rest Twelve, Inc.*, No. 10 Civ. 4132 (RJS) (KNF), 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (citing 28 U.S.C. § 636(b)(1)) (emphasis added). The Second Circuit has made clear that a district court has discretion to either allow or prohibit a litigant from supplementing an opposition to a report and recommendation. *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) (citations omitted); *see also Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) (affirming district court's refusal to entertain claims not presented to the magistrate, as "[s]ystemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round"). It does not follow, however, that a litigant possesses a "right to obtain further evidence," as Defendants characterize it. Defs.' Objections at 11. Absent a compelling justification for failure to present evidence to the magistrate judge, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (internal citations omitted). While an evidentiary hearing may prove useful if the record cannot be used to resolve disputed material facts, *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005), where, as here, the only factual questions necessary to resolve a fee award pertain to interpretation of

billing records, "the need for an evidentiary hearing is unlikely." *Vincent v. Comm'r of Soc. Sec.,* 651 F.3d 299, 308 (2d Cir. 2011).

Judge Yanthis thoughtfully opined on issues and arguments fully briefed and indeed, re-briefed through the flurry of letter submissions by the parties.  Even assuming that Professor Ross's letter constitutes admissible evidence,[11] Defendants have not offered any justification for their failure to furnish this letter to Judge Yanthis, and more importantly, Defendants have not made any argument as to why the Report's across-the-board 30% reduction of fees fails to cure the complained-of ills of excessive billing.  *Hensley*, 461 U.S. at 434; Report at 10-12.  The Court finds that it would be imprudent to further expend the federal judiciary's scarce resources to allow Defendants to "grill" Plaintiff's counsels regarding billing entries in an effort to establish what may be, and indeed already has been, adduced from the records currently in the Court's possession.  Accordingly, Defendants' requests for a hearing and additional discovery are again DENIED.

## VII.    Conclusion

Having reviewed the Plaintiff and Defendants' papers, as well as all of the other documents on file in this matter, the Court hereby ADOPTS Judge Yanthis's Report.  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 36.

It is SO ORDERED.

Dated:  November 25, 2013
New York, New York

Edgardo Ramos, U.S.D.J.

---

[11] Plaintiff correctly argues that, to the extent that it offers legal conclusions about Plaintiff's attorneys' bills, Professor Ross's expert letter is inadmissible.  Pl.'s Responses to Defs.' Objections at 22-23; *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992).  Professor Ross's letter is also inadmissible under Federal Rule of Evidence 702(a), as his testimony is unlikely to be of help to the Court in reaching factual (or legal) conclusions.